FILED

FEB 09 2011

DAVID CREWS, CLERK
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARY JACKSON, on behalf of herself                    PLAINTIFF
and others similarly situated

v.                                                    No.: 4:11-CV-012P-S

                                                      JURY DEMANDED

HEALTHPORT TECHNOLOGIES, LLC                          DEFENDANTS

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Mary Jackson ("Plaintiff"), on behalf of herself and others similarly situated, and brings this action against Defendant Healthport Technologies, LLC ("Defendant"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime and minimum wage compensation.

### PARTIES

1.      Plaintiff is a resident of Choctaw County, Alabama and is a former employee of Defendant.  Plaintiff performed a substantial part of her work for Defendants in Lauderdale County, Mississippi and other counties in Mississippi.

2.      Plaintiff brings this action, on behalf of herself and all others similarly situated, for unpaid minimum wage and overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3.      Defendant, Healthport Technologies, LLC is a Georgia limited liability company that operates and conducts business in, among others, Washington County, Mississippi, and is therefore, within the jurisdiction of this Court.

4.    This action is brought under the FLSA to recover from Defendant unpaid minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5.    Based upon information and belief, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendant had an annual business dollar volume of at least $500,000.00.

6.    Defendant is engaged in interstate commerce and was so engaged during Plaintiff's employment with Defendant.

7.    At all relevant times, Defendant had two or more employees of the enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

8.    Plaintiff and those similarly situated to her were individually covered by the FLSA as they utilized the instrumentalities of commerce.

### JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA.  This Court has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff performed a substantial part of her work for Defendants in this judicial district.

### FACTS

2

11.     Plaintiff was employed by Defendant as a Release of Information Specialist Field Representative from June 2008 through July 2009.

12.     Plaintiff was an employee of Defendant.

13.     Defendant provided medical record scanning services and release of information services for medical clinics and healthcare facilities.

14.     Plaintiff's duties and job responsibilities as a Release of Information Specialist for Defendant included traveling to various clinics in the state of Mississippi and scanning medical records.

15.     Plaintiff would scan medical records for a clinic and transmit them to Defendant which would, in turn, transmit the records to the requestor of the records.

16.     Defendant paid Plaintiff a commission based on a percentage of the billable medical records that she scanned.

17.     Defendant also required Plaintiff to scan non-billable records, but Defendant did not compensate Plaintiff at all for scanning non-billable records.

18.     Defendant also paid Plaintiff a car allowance.

19.     Defendant did not pay Plaintiff for the time spent driving to and from the various medical clinics and healthcare facilities.

20.     Plaintiff's time spent driving to and from the various medical clinics and healthcare facilities was part of her day's work.

21.     Plaintiff's time spent driving to and from the various medical clinics and healthcare facilities was part of Defendants' principal activity.

22.     Plaintiff's time spent driving to and from the various medical clinics and healthcare facilities must be counted as hours worked.

3

23.     During one or more weeks while employed by Defendant, Plaintiff did not make at least the minimum wage for all hours worked for Defendant.

24.     Plaintiff also worked more than 40 hours in a workweek for one or more workweeks while employed by Defendant.

25.     Defendant did not properly compensate Plaintiff for the hours worked over 40 in a workweek.

26.     Defendant failed to comply with 29 USC §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of 40 within a workweek.

27.     Defendant failed to comply with 29 USC §§ 201-209 because Defendant failed to pay Plaintiff at least the minimum wage for all hours worked by Plaintiff.

28.     Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to him, are in the possession, custody, or control of Defendant.

## COUNT ONE
## FAILURE TO PAY MINIMUM WAGE

29.     Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

30.     Plaintiff was not paid at least the minimum wage for each hour worked while employed by Defendant.

31.     Plaintiff was entitled to be paid at least the minimum wage for each hour that she worked throughout her employment with Defendant.

4

32.     Plaintiff expressly demanded proper compensation for hours worked, but she remained uncompensated or under compensated for same.

33.     Defendant willfully, intentionally, and/or recklessly failed to pay Plaintiff at least the minimum wage for each hour of service rendered to Defendant during one or more weeks of her employment, in violation of the FLSA.

34.     Upon information and belief, Defendant's failure to properly compensate Plaintiff for her overtime hours worked was willful and/or reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

**COUNT TWO**
**RECOVERY OF OVERTIME COMPENSATION**

35.     Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

36.     During her employment with Defendant, Plaintiff worked more than forty (40) hours in one or more workweeks while employed by Defendant.

37.     Defendant failed to properly compensate Plaintiff for overtime hours that she worked, in violation of the FLSA.

38.     Defendant willfully, intentionally, and/or recklessly failed to pay Plaintiff at least the minimum wage for each hour of service rendered to Defendant during one or more weeks of her employment, in violation of the FLSA.

39.     Upon information and belief, Defendant's failure to properly compensate Plaintiff for her overtime hours worked was willful and/or reckless, as Defendant did not act in good faith

or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

40.    As a result of Defendant's intentional, willful, and reckless failure to lawfully compensate Plaintiff and all others similarly situated at the minimum wage for all hours worked and at time and one half compensation for hours worked over forty (40) in a workweek, Plaintiff and all others similarly situated have suffered damages and incurred reasonable attorney's fees and costs.

41.    As a result of Defendant's intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and all others similarly situated are entitled to back wages and liquidated damages from Defendant for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years and for all hours worked below the applicable minimum wage.

42.    Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees of Defendant demand as follows:

a)      payment of their overtime wages and/or minimum wages, where applicable, at the correct rate pursuant to 29 U.S.C. § 207;

b)      an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

c)      declaratory relief pursuant to the DJA and FLSA finding that all hours worked should be paid at an amount at least equal to the applicable minimum wage and that all hours worked over forty in a workweek should be paid time and

6

one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA;

d)        pre-judgment and post-judgment interest where applicable;

e)        reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

f)        all other relief that the Court deems just and proper.

Respectfully submitted,

MORGAN & MORGAN, PA

By:

Justin M. Ross #99832
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 333-1844
Fax: (901) 333-1897
Email: jross@forthepeople.com

Submitted this 3rd day of February 2011.