IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY JACKSON, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | CIVIL ACTION FILE |
| v. | NO. 1:11-CV-01687-SCJ |
| HEALTHPORT TECHNOLOGIES, LLC, | |
| Defendant. | |

**O R D E R**

THIS MATTER is before the Court on the parties' Joint Motion to Certify Class and Approve Collective Action Settlement [Doc No. 52] and Joint Motion to Certify Class and Approve Settlement [Doc. No. 53]. For reasons given below, both motions are **DENIED**.

Plaintiff Mary Jackson filed this Fair Labor Standards Act ("FLSA") action on behalf of herself and all others similarly situated. She also filed a claim for unjust enrichment. She subsequently moved to conditionally certify a class, which motion was opposed by Defendant [Doc. Nos. 24; 35]. Thereafter, the parties moved to stay the proceedings, hopeful they could settle this matter [Doc. 43]. The parties now submit their proposed settlement agreement for the Court's approval.

1

> In full, the parties request that the Court
>
> (1) preliminarily approve the proposed Settlement Agreement; (2) provisionally certify the proposed Settlement Class; (3) approve the form, content, and distribution of the Class Notice and Claim Form; (4) designate the named Plaintiff as Class Representatives; (5) appoint Plaintiff's Counsel as Class Counsel and provisionally approve Class Counsel's request for attorneys' fees and costs; and (6) schedule a formal fairness hearing in accordance with the schedule set forth between the Parties approximately 120 days after preliminary approval.

[Doc. No. 53, p. 2]

The Court cannot provide the requested relief because the parties selected the wrong collective action mechanism, and failed to provide sufficient information to allow the Court to assess if the settlement is fair or if the requested attorneys' fee are reasonable.

There are only two methods for settling claims for back wages under the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* Second, [w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

Under the FLSA, a plaintiff cannot be party to a collective action—and thus bound by a court's judgment—unless that plaintiff opted into the FLSA action. 29

U.S.C. § 216(b). The FLSA's opt-in mechanism is distinct from the opt-out class action procedure found in Rule 23 of the Federal Rules of Civil Procedure. Thus, courts consistently hold that an FLSA class action cannot be brought under Rule 23. *Stansell v. Sherwin-Williams Co.* 404 F. Supp. 696, 702 (N.D. Ga. 1975) (*citing LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975)). Indeed, Plaintiff's brief in support of her motion for conditional certification recognized that "FLSA collective actions are very different than Rule 23 class actions . . . [because] former employees of Defendant must affirmatively 'opt-in' by filing a written consent to join and to participate in this case if they wish" [Doc. No. 24-1, pp. 3-4]. And the parties' brief in support of the motion to approve settlement also recognizes that putative class members must opt-in [Doc. No. 53-1. p.5]

Despite the parties' knowledge of the opt-in class mechanism for FLSA actions, they constructed a settlement agreement and class notice that purports to bind individuals to the settlement agreement, even if those individuals do not opt-in. For example, the Class Notice provides individuals with four options: (1) opt in and accept the settlement; (2) opt in and object to the terms of the settlement; (3) opt-out and retain your legal rights; or (4) do nothing and thus be bound by the settlement yet receive nothing [Doc. No. 53-5, pp. 4-7]. Option number four is an opt-out provision that is inconsistent with FLSA's collective action scheme. If the

parties wish to construct a settlement agreement that encompasses an FLSA collective action and a Rule 23 unjust-enrichment class action, they must find a way to reconcile the inconsistencies between these collective action mechanisms—if such a mechanism exists.

Regarding the fairness of the settlement, while it is recognized that employees cannot compromise their rights under the FLSA or release their employers from paying the full amount due thereunder, courts have recognized that a valid and binding settlement may be made where there is a bona fide dispute as to the amount payable. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353 n.8. This Court has received little to no information about the alleged losses suffered by the Plaintiffs and potential opt-ins; thus, the Court cannot determine if the settlement is fair.

Turning to the reasonableness of the requested attorneys' fees, the lack of data provided by Plaintiff prevents the Court from assessing reasonableness. Plaintiff requests attorneys' fees on a common fund, contingency fee basis. While courts have approved such fees for FLSA collective actions, courts have nevertheless double checked the amount against the "lodestar" method of calculating fees. *Heath v. Hard Rock Cafe Intern. (STP), Inc.*, No. 6:10–cv–344–Orl–28KRS, 2011 WL 5877506, at *2-3 (M.D. Fla. Oct. 28, 2011); *Sanderson v. Unilever Supply Chain, Inc.*, No. 10–CV–00775–FJG, 2011 WL 6369395, at *2 (W.D. Mo. Dec. 19, 2011). Thus, Plaintiff

4

must submit a lodestar calculation to allow the Court to assess the reasonable of her requested fees.

Finally, the issues discussed above may not be exhaustive, and the Court cautions the parties to take greater care when submitting their next proposed settlement agreement and class notice.

Thus, for the reasons given above, the parties' Joint Motion to Certify Class and Approve Collective Action Settlement [Doc No. 52] and Joint Motion to Certify Class and Approve Settlement [Doc. No. 53] are **DENIED**.

**IT IS SO ORDERED**, this 28th day of March, 2012.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE